(80 South. 891)

No. 23332.

STATE v. MESTAYER.

(Feb. 3, 1919.)

*(Syllabus by Editorial Staff.)*

1. FALSE PRETENSES ☜~7(4)—"EXTENSION OF CREDIT"—"EXTENSION"—STATUTE.

Act No. 72 of 1912, penalizing a false written statement as to one's financial condition, with intent that it be relied upon to procure an "extension of credit," covers an extension of time for the payment of a debt, and does not mean only the procuring of an additional credit; that term ordinarily meaning the giving or allowance of credit, and in commercial law and usage the word "extension" meaning a creditor's indulgence by giving debtor further time to pay an existing debt.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Extension.]

2. STATUTES ☜~206—CONSTRUCTION TO GIVE EFFECT.

Conceding that "extension of credit," as used in Act No. 72 of 1912, penalizing a false written statement as to one's financial condition to procure an extension of credit, may mean either an increase in the amount of credit or an extension of time for payment of a debt, the court is constrained to construe the expression so as to give effect to latter meaning, rather than to render it meaningless in respect to context.

Dawkins, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; W. F. Blackman and James Andrews, Judges.

Information by the State against F. R. Mestayer. From a judgment quashing the bill of information, the State appeals. Judgment annulled, and case remanded.

A. V. Coco, Atty. Gen., and T. A. Carter, Dist. Atty., of Alexandria (Thomas W. Robertson, of New Orleans, of counsel), for the State.

John R. Hunter, of Alexandria, for appellee.

O'NIELL, J. The state has appealed from a judgment quashing a bill of information in which the defendant was accused of violating Act No. 72 of 1912. The statute penalizes the making of a false statement in writing, respecting one's financial condition or means or ability to pay, with the intent that it shall be relied upon and for the purpose of procuring "the making of a loan or credit, the extension of credit," etc.

The accusation in this case was that the defendant made a false statement in writing, respecting his financial condition, with the intent that the statement should be relied upon, and "for the purpose of procuring the extension of credit of a certain account due by him to B. F. Thompson," etc.

The motion to quash the bill of information was founded upon the contention that the law did not make it an offense to make a false statement to procure an extension of an account already due, or to procure an extension of the time of payment of an account already due. The defendant averred, in his motion to quash, not only that Act No. 72 of 1912 did not prohibit the doing of what was charged in the bill of information, but also that the statute was unconstitutional and invalid, because of the omission to declare that the conduct penalized should constitute a crime or misdemeanor. It was admitted by

the district attorney that what he meant by an extension of credit of an existing account was merely an extension of time for payment of the account.

The district judge ruled that Act No. 72 of 1912 did not penalize the making of a false statement to procure an extension of time for payment of an existing debt. And he went further and adjudged the statute unconstitutional and invalid because of the omission to declare that the conduct penalized should constitute a crime or misdemeanor.

The learned counsel for defendant concedes that, according to the ruling in State v. Allen, 129 La. 733, 56 South. 655, Ann. Cas. 1913B, 454, the omission of Act No. 72 of 1912 to declare that the conduct penalized shall constitute a crime or misdemeanor does not render the statute unconstitutional or invalid. Hence the only question is whether the expression in the statute, "the extension of credit," means an extension of time for payment of a debt.

[1] Considering the language preceding the expression, we have no doubt about its meaning. To say that it means procuring additional credit would make it a useless repetition in the law. The statute provides against the making of a false statement "for the purpose of procuring, in any form whatever, * * * the making of a loan or credit, the extension of credit," etc.

Ordinarily, an extension of credit means a giving or an allowance of credit. But, when the statute condemns the making of a false statement for the purpose of procuring credit, or the extension of credit, "the extension of credit" must mean the extension of time for payment of a debt. Why say that it means merely the increasing of the amount of a debt, when that is already provided for in the expression "procuring the making of a loan or credit"?

In commercial law and usage, an extension means an indulgence by a creditor giving his debtor further time to pay an existing debt. 19 Cyc. 31. When we speak of obtaining an extension of a promissory note or other obligation, we mean, not an increasing of the amount of the debt, but an extension of the time of payment.

[2] Conceding that the expression "extension of credit," when applied to a credit already obtained, may, according to the context in which it is used, mean either an increase in the amount of the credit or an extension of the time for payment of the debt, we are constrained to construe the expression so as to give it effect, rather than to render it meaningless, in the context of the statute in question. Our conclusion is that the expression means, with reference to an existing debt, an extension of the time allowed for payment.

The judgment appealed from is annulled, and it is ordered that this case be remanded to the district court, to be proceeded with according to the views expressed in this opinion.

PROVOSTY, J., takes no part, not having heard the argument.

DAWKINS, J., dissents.